UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CITY OF BELLINGHAM,

    Plaintiff,

v.

GRANITE STATE INS., CO., et al.,

    Defendants.

No. C05-429P

ORDER GRANTING PLAINTIFF'S MOTION TO AMEND AND TO REMAND

This matter comes before the Court on Plaintiff the City of Bellingham's ("the City") Motion to Amend Complaint to Join Additional Defendants and for Remand. (Dkt. No. 15). Having reviewed the pleadings and supporting materials, the Court GRANTS the City's motion. The City's request to join Safeco as a Defendant is not dilatory, does not appear to be made for the sole purpose of defeating jurisdiction, and is based on a colorable claim against Safeco. Therefore, the City is granted leave to amend their complaint to join Safeco and the other entities identified in the City's motion as Defendants. Because this joinder will destroy diversity, the Court REMANDS this matter to state court.

## BACKGROUND

The City filed suit in state court against its various insurers alleging breach of contract arising from disputes regarding coverage for environmental liabilities at various landfills and other sites in the City. None of its insurers are Washington residents for jurisdiction purposes. Defendants removed the action, asserting diversity removal jurisdiction.

ORDER - 1

1    Sanitary Services Company, Inc. ("SSC") provided waste hauling and disposal operations for
2  the City for many years. The City's various contracts with SSC over the years required that SSC
3  name the City as an additional insured on SSC's insurance policies. After the City filed this law suit, it
4  tendered claims to SSC's various insurers. SSC was insured by five different insurers from 1960
5  through 1990. One of those insurers was Safeco, which is a Washington corporation. Safeco has
6  declined coverage on the ground that SSC's policy did not name the City as an additional insured. For
7  reasons discussed below, the City contends that it is nonetheless covered under Safeco's policy.

8    The City now seeks to amend its complaint to join Safeco and SSC's other four insurers as
9  Defendants. Because joining Safeco would destroy diversity, the City requests that the Court remand
10 the case to state court. Defendants do not oppose amending the complaint to join SSC's other four
11 insurers, but opposes Safeco's joinder and remand.

12                                              ANALYSIS

13    Under 28 U.S.C. § 1447(e), if a plaintiff seeks to join additional defendants such that the
14 parties would no longer be diverse, the court may deny the joinder or grant the joinder and remand the
15 matter. In deciding if joinder under § 1447(e) is appropriate, the court should consider: "(1) whether
16 the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of
17 Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action
18 against the new defendant should the court deny joinder; (3) whether there has been unexplained delay
19 in seeking the joinder; (4) whether the joinder is solely for the purpose of defeating federal jurisdiction;
20 and (5) whether the claim against the new party seems valid." Clinco v. Roberts, 41 F. Supp. 2d 1080,
21 1082 (C.D. Cal. 1999) (citing Schwarzer, et al., California Practice Guide: Federal Civil Procedure
22 Before Trial, ¶ 2:1078 (citing cases)). The first factor is not necessarily a requirement. There is no
23 Ninth Circuit case holding that the joinder must meet Rule 19(a) criteria. Other courts have held that
24 the non-diverse party need not be indispensable to permit joinder under § 1447(e). See St. Louis
25 Trade Diverters, Inc. v. Constitution State Ins. Co., 738 F. Supp. 1269, 1271 (E.D. Mo. 1990);

Heininger v. Wecare Distributors, Inc., 706 F. Supp. 860, 862 (S.D. Fla. 1989). These courts have focused instead on equitable factors.

I.  Timing of the City's Motion

The City filed its complaint in state court on February 15, 2005. Defendants removed the case on March 16, 2005. Defendants filed their answers on March 28, April 5, and April 8. The City filed the instant motion on April 15. Despite this short duration of time, Defendants maintain that the City is dilatory because the City notified the Defendants of the liability claims against the City in December, 2003 and had at that time access to SSC's insurance policies, yet waited until April, 2005 to join Safeco as a Defendant. (See Compl., ¶ 22). Defendants' argument misses the point. Regardless of when the City notified Defendants of the liability claims and requested coverage, the City filed suit in February, 2005 (after allegedly waiting for a year without a response from Defendants to the City's tender). Thus, only two months have elapsed between the time the City filed suit and the City's motion to amend its complaint. The City has not been dilatory in seeking to amend its complaint.

II.  Potential Validity of the City's Claim Against Safeco

Without passing judgment on the merits of the City's claim against Safeco, the City has a colorable claim that it is covered under SSC's Safeco policy. SSC's Safeco policy includes a contractual liability provision that requires Safeco to pay all sums for which SSC becomes legally obligated to pay as damages because of property damage to which the insurance applies. (Martin Decl. at 117). According to the City, SSC's contractual obligation to name the City as an additional insured triggers this provision. The Safeco policy excludes coverage for contractual liability for specific types of insured entities (e.g. architect, engineer, or surveyor) and/or specific types of property damage (e.g. relating to providing professional services by such an insured), none of which apply to SSC's contractual obligation to the City. In addition, a Certificate of Insurance incorporated into SSC's Safeco policy named the City as an additional insured. (Martin Decl. at 129). While

ORDER - 3

1  Defendants are correct that the certificate explicitly states that it is issued as a matter of information
2  and confers no rights upon the certificate holder, it is extrinsic evidence in favor of the City's position.
3        There is additional extrinsic evidence in favor of the City's claim.  SSC's contracts with the
4  City obligated SSC to provide coverage to the City and that SSC named the City as an additional
5  insured in its policies with the four other insurers.  Defendants do not dispute this evidence or directly
6  counter the argument that this extrinsic evidence arguably supports the City's position that it is
7  covered under the Safeco policy.  While Defendants' argument that this evidence does not create an
8  additional policy term and that the City has no rights under to policy to seek coverage may ultimately
9  prevail, at this stage in the litigation the City has at least a colorable claim that it is covered under the
10  Safeco policy.

11  <u>III.  Purpose of the Joinder and Prejudice to the Parties</u>

12        The City asserts that its purpose in seeking to join Safeco as a Defendant is not to defeat
13  federal jurisdiction, but is to conserve both City and judicial resources by avoiding prosecuting two
14  parallel cases arising from the same set of facts.  Furthermore, the City suggests that the current
15  Defendants, SSC's four other insurers, and Safeco are all likely to assert an affirmative defense that
16  the City has "other insurance" (in fact, the current Defendants have already done so in their Answers).
17  If Safeco is not a party to this proceeding, then the City may likely be frustrated in achieving full and
18  complete adjudication of this issue.

19        The City's arguments are persuasive.  Denial of the City's motion will likely prejudice the City.
20  In contrast, Defendants have not and cannot reasonably show that they will suffer prejudice if Safeco
21  is joined as a Defendant.  Defendants argue that they nonetheless will suffer prejudice of the case is
22  remanded to state court because the City will have local bias in its favor.  While this may be true as a
23  general principle, the City's interest in achieving a full and complete adjudication of its insurance
24  coverage outweighs any potential bias that Defendants might suffer by having to adjudicate this case in
25  state court.  The City should be able to pursue that claim in the same litigation that it is pursuing its

ORDER - 4

claims against its own insurers and SSC's other four insurers. In short, granting the City's request to join Safeco as a Defendant is in the interest of justice.

IV. Assignment of SSC's Claim

The City suggests in its motion that even if the City is not covered under the Safeco policy, it could step into the shoes of SSC to obtain coverage under the Safeco policy. After briefing on this motion was complete, the City submitted additional documentation that SSC had assigned its rights under the Safeco policy to the City and that the City Council approved the assignment. The City maintains that this provides further support for its motion. Defendants responded that the filing was untimely, but if the Court were inclined to consider it, they requested an opportunity to respond with additional briefing. Because the Court is able to resolve this motion without considering this additional material, additional briefing is unnecessary.

CONCLUSION

The Court GRANTS the City's Motion to Amend Complaint to Join Additional Defendants and for Remand. The City is granted leave to amend their complaint to join Safeco and the other entities identified in the City's motion as Defendants. Because this joinder will destroy diversity, the Court REMANDS this matter to state court.

The clerk is directed to provide copies of this order to all counsel of record.

Dated: June 9, 2005

/s/ Marsha J. Pechman
Marsha J. Pechman
United States District Judge

ORDER - 5